IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| PEDRO TOMAS ROSARIO GONZALEZ | * | CASE NO. 22-02514 (MCF) |
| WALESCA GONZALEZ MARRERO | * | |
| PLAINTIFFS, | * | AP: 23-_____ |
| VS. | * | |
| | * | WILLFUL VIOLATION OF THE |
| WORLD FINANCIAL CORP., JOHN DOE | * | AUTOMATIC STAY, |
| JANE ROE; X, Y and/or Z INS. CO. | * | CONTEMPT & DAMAGES |
| DEFENDANTS. | * | |
| ALEJANDRO OLIVERAS RIVERA, TRUSTEE | * | |
| PARTY IN INTEREST | * | |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

## COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

TO THE HONORABLE COURT:

COMES NOW, Debtors represented by the undersigned attorney and respectfully state, allege and pray as follows:

### JURISDICTION AND VENUE OF THIS HONORABLE COURT

1. This is a core proceeding under 11 U.S.C. § 362 and FRBP 7001.

2. Jurisdiction is invoked under 28 U.S.C. §157(a), §157(b)(1) and (b)(2) and §1334 since it arises in a case under Chapter 13 of the the Bankruptcy Code now pending in Court and concerns property of the Debtor.

3. Venue is proper in this District Court under 28 U.S.C. §1408 & §1409, in as such as all the events or omissions giving rise to the claims of the above-captioned case occurred within the territory of this jurisdictional district.

### PARTIES

4. Plaintiffs are Pedro Thomas Rosario González and Walesca González Marrero, (hereinafter Debtors, Plaintiffs or Plaintiffs-Debtors), of legal age, married to each

other and residents of Manatí, Puerto Rico with postal address HC-02 Box 6936 Ciales, PR 00638, who are Debtors in a Chapter 13 petition under the Bankruptcy Code [Case # 22-02514 (MCF)], and therefore has standing to appear.

5. Defendant is World Financial Corporation, (hereinafter World Financial or Defendant), a domestic corporation registered under number 57170 with operations in 1108 Ave. Franklin Delano Roosevelt San Juan, Puerto Rico 00920 and postal address PO Box 364027 San Juan, Puerto Rico 00936-4027, authorized to do business under the Laws of Puerto Rico, which is dedicated to providing financing services, among other.

6. Co-Defendants Corporation X, Y and Z; Insurance Company A, B and C; John Doe and Jane Doe are all fictitious names used for legal and natural persons that could be liable and who's names have not yet been identified, once the names are identified the corresponding amendment will be made.

7. Indispensable party, Alejandro Oliveras Rivera, who is the Standing Chapter 13 Trustee assigned by the Court to administer the Bankruptcy Estate in the above captioned Chapter 13 Bankruptcy Petition.

## FACTS AND ALLEGATIONS

8. On August 27, 2022, Plaintiffs filed a Chapter 13 Bankruptcy petition; Case No. 22-02514-MCF. On said date, the automatic stay entered into effect. (See Docket #1)

9. 11 U.S.C. § 362(a) states that the filing of a petition shall operate as a stay of any act or the commencement or continuation of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. Id.

10. Defendant World Financial was notified of the filing of the bankruptcy case along with all other creditors and had full knowledge that the automatic stay had entered

into effect, as per the Certificate of Service of the Notice of Chapter 13 Bankruptcy Case, Official Form 3091, notified on 8/31/2022. *(See Docket 6)*

11. Defendant World Financial was included in both the master address list and their account (account number XX2491) was included in schedule D of the Bankruptcy Petition, as a secured creditor. (See Docket # 1, Page 24 & 65)

12. Defendant World Financial was notified to their postal address of record as evidenced in Claim #5 filed by World Financial on 9/8/2022, as well as in their letters and website.

13. The Notice mailed to Defendant included the following language:

    " . . . The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. . ." (See Docket # 4, Notice of Chapter 13 Bankruptcy Case, Official Form 3091).

14. Defendant World Financial received the Notice of Chapter 13 Bankruptcy Case, Official Form 3091 which was notified via regular mail on or about 8/31/2022.

15. Upon receipt of the Notice, Defendant was required pursuant to 11 U.S.C. § 362 (a) (1) to STAY: "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

16. On 9/8/2022, World Financial filed its secured Proof of Claim # 5 in the amount of $4,913.00.

17. On 9/8/2022, after the filing of the Petition, World Financial send a collection letter to Debtor dated 9/1/2022 formally requiring Debtor to pay the balance owed within 5 days and notifying that the direct debit from Debtor's bank account dated 8/16/22 in the amount of $209.71 was not honored due to insufficient funds and further informing that an additional fee of $25.00 was being charged as a returned payment penalty.

18. On 9/8/2022, within the same formal collection letter was a second letter titled "PAYMENT REMINDER" which labeled the balance of $209.71 as "overdue" and additionally charged a late payment fee of $10.00 for a total overdue amount of $219.71. In this second notice Debtor was threatened to 'pay due attention and avoid his credit to be affected'.

19. On 9/14/2022, after the filing of the Petition and after World Financial's appearance before the Bankruptcy Court, World Financial send another collection letter titled "PAYMENT REMINDER" which specified World Financial had contacted Debtor on two (2) prior occasions to collect the amount owed and Debtor had not responded. It further threatened Debtor to pay upon receipt in order to protect his credit. The letter labeled the balance of $209.71 as "overdue" and additionally charged a late payment fee of $10.00 for a total overdue amount of $219.71.

20. On 9/19/2022, World Financial processed an "ACH"[i] debit in the amount of $209.71 from Debtor's bank account #XXX8753 at Banco Popular of Puerto Rico.

21. Again on 9/20/2022, World Financial processed a second "ACH"[ii] debit from Debtor's bank account # XXX8753 at Banco Popular of Puerto Rico and seized funds in the amount of $209.71.

22. Since at least 10/2022, World Financial performed multiple telephone calls to Debtor requesting the payment of the balance owed. To wit on 11/30/22 and 12/8/22, but not limiting the calls to these dates.

23. On 10/18/2022, World Financial processed a third "ACH" debit in the amount of $209.71 from Debtor's bank account # XXX8753 at Banco Popular of Puerto Rico, which was returned for insufficient funds.

24. On 10/31/2022 World Financial mailed the 4th collection letter to Debtor requiring Debtor to pay the balance owed within 5 days and notifying him that the direct debit from his bank account dated 10/16/22 in the amount of $209.71 was not honored due to insufficient funds and further informing that an additional fee of $25.00 was being charged as a returned payment penalty.

25. On 11/25/2022, World Financial mailed the 5th collection letter to Debtor billing him the amount of $669.13 and indicating his loan was seriously past due. It also informed they had reported his lack of payment to the credit reporting agencies as follows:

    > "AVISO: LE HEMOS NOTIFICADO A LAS AGENCIAS DE INFORME DE CREDITO SUS ATRASOS EN PAGOS U OTRAS FALTAS EN SU CUENTA. ESA INFORMACION PUEDE REFLEJARSE EN SU REPORTE DE CREDITO."
    > - Warning: We have notified the credit reporting agencies of your late payments or other defiances on your account. That information may be reflected on your credit report.- (Translation ours.)

26. On 12/21/2022, Debtor received an e-mail communication from Comfort Pedic which forwarded an e-mail communication from World Financial's collection

division requesting aid in contacting Debtor and instructing to inform Debtor to contact World Financial.

27. On 12/21/2022, the e-mail communication was followed by a telephone call from a Comfort Pedic representative, who after making collection efforts was informed by Debtor that he was in bankruptcy.

28. On 12/22/2022, World Financial mailed the 6th collection letter to Debtor dated 12/21/2022 requiring Debtor to pay the balance owed within 5 days and notifying that the direct debit from Debtor's bank account dated 11/16/22 in the amount of $209.71 was not honored due to insufficient funds and further informing that an additional fee of $25.00 was being charged as a returned payment penalty.

29. The same collection letter dated 12/21/2022 further threatened Debtor of a legal process having a handwritten note on the right side which reads: "Proceso Legal".

30. Notwithstanding all the above egregious conduct by Defendant World Financial up to December 2022, after having actual knowledge of Debtor's bankruptcy and Debtor's express communication that he was in bankruptcy, World Financial has continued to make telephone collection calls to Plaintiffs-Debtors during the month of January 2023 now alleging that Debtor made a promise to pay.

31. The latest collection telephone calls have been on January 3, 5, 20 and 30, 2023 where Debtor has repeatedly explained that he in bankruptcy. The last 2 calls were made by the same person, Mr. Grace San Miguel, who after being told Debtor is in bankruptcy insists that he made a "promise to pay" –[promesa

de pago]. At last, Debtor provided Mr. San Miguel the name and telephone number of his bankruptcy attorney.

32. As a result of these collection efforts, Plaintiffs-Debtors suffered serious personal and emotional harm, to the extent that they entered into a fearful and anxious state and co-Debtor in a depressive state.

33. These acts and omissions by World Financial has caused much suffering, mental anguish and distress to Plaintiffs-Debtors.

34. Plaintiffs-Debtors avers that Defendant World Financial failed to reasonably take measures to prevent the aforestated violations of the stay after having actual knowledge of the bankruptcy case and after its appearance before the Bankruptcy Court.

35. Defendant World Financial had actual knowledge of the bankruptcy case filed by Plaintiffs-Debtors but despite of it continued aggressive collection efforts by telephone, letters and bank account debits against Debtor, which are all acts in blatant disregard to the automatic stay order of the Bankruptcy Court.

36. The repeated attempts by World Financial to compel payment of its claim from Plaintiffs-Debtors and the willful seizure of money were unquestionably made at a time when Defendant World Financial its employees, agents, representatives, and/or contractors, or otherwise had knowledge that Plaintiffs-Debtors were under the bankruptcy protection and that such collection efforts to compel payment of an antecedent claim entailed a willful violation of the automatic stay.

CONTEMPT, DAMAGES AND WILLFUL VIOLATION OF THE STAY

37. Plaintiffs-Debtors re-alleges each and every preceding allegation as if fully set herein against Defendants.

38. Section 362 of the Bankruptcy Code, in its pertinent part, reads as follows:

> "a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title *[11 USCS §§ 301,* 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
> (1) the **commencement** or **continuation**, including the issuance or employment of process, of a judicial, administrative, **or other action or proceeding** against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .
> (2) ................................;
> (3) ................................;
> (4) ................................;
> (5) ................................;
> (6) any act to collect, **assess**, or **recover** a claim against the debtor that arose before the commencement of the case under this title; . . ."
> 11 U.S.C. §362(a), emphasis added.

39. In the instant case, Defendant World Financial was first notified of the bankruptcy case on or around 8/31/2022 upon receipt of the Notice of Chapter 13 Bankruptcy Case, Official Form 3091.

40. Also, there were several other notices that were given to Defendant World Financial in connection to the bankruptcy case. On September 7, 2022 "Notice of Continuance of 341 Meeting of Creditors" was notified by the Trustee to Defendant World Financial by regular mail (See Docket # 8). On 12/22/2022 "Order and Notice" to reschedule the confirmation hearing was also served to Defendant World Financial by regular mail, this time by means of this Court's Bankruptcy Noticing Center (See Docket # 34).

41. On 9/8/2022 World Financial itself filed Proof of Claim # 5 before the Bankruptcy Court.

42. Notwithstanding its actual knowledge and all the written notices served upon Defendant World Financial, Plaintiffs-Debtors gave an oral notice to Defendant World Financial's agent by means of responding to a collection telephone call, on December 21, 2022, on January 5, 20 and 30, 2023, when Debtor informed he was in bankruptcy.

43. By continuing aggressive collection efforts by telephone, letters and bank account debits against Plaintiffs-Debtors, Defendant World Financial its employee(s), agent(s), representative(s), and/or contractor(s), or otherwise acted willfully and with full knowledge that Plaintiffs-Debtors had previously filed a bankruptcy petition constituting such acts a willful violation of the Automatic Stay Order and in contempt of the order issued by the Court.

44. Defendant World Financial had knowledge of the acts and omissions alleged herein and had the power to prevent them or the power to aid in preventing the commission of the same but neglected and refused to do so.

45. As a result of the intentional, deliberate and unlawful actions perpetrated by Defendant World Financial, its employee(s), agent(s), representative(s), and/or contractor(s), or otherwise, Plaintiffs-Debtors requests that this Honorable Court issue a Judgment holding the Defendants in contempt for their willful violation of the automatic stay.

46. Section 362(k)(1) of the Bankruptcy Code, 11 U.S.C. §362(k)(1), states that a party injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and, when creditor's actions are sufficiently egregious, punitive damages may be awarded.

47. Consequently, Plaintiffs-Debtors are entitled to actual and compensatory damages in the amount of no less than $50,000.00, for the personal, emotional and mental harm, anguish and suffering, fear of having to pay the debt and the deliberate disruption of Plaintiffs-Debtors rehabilitation efforts.

48. Given the contempt for this Courts' stay order and the egregious circumstances presented by the facts of this case, where Defendant World Financial purposely, knowingly and openly engaged in collection efforts for a pre-petition claim after receiving many notices and even seizing money from Plaintiff's bank account and threatening to proceed with a legal action, all in reckless disregard and with utter disdain to the authority of this Court, Plaintiff is entitled to punitive damages under 11 USC §362 for no less than $50,000.00.

49. It has been necessary for Plaintiffs-Debtors to retain counsel to prosecute this adversary case, whereupon Plaintiffs are further entitled to an award of legal costs, expenses and attorney fees for no less than $25,000.00.

50. All Defendants are jointly and severally liable to the Plaintiffs-Debtors.

51. The actions perpetrated by Defendant World Financial and/or its employee(s), agent(s), representative(s), and/or contractor(s), or otherwise and all Defendants are a clear and willful violation to Bankruptcy law and of the automatic stay order, pursuant to 11 U.S.C. § 362.

52. All Defendants are joint and severally responsible for the damages, mental anguish and injuries of the acts alleged in this complaint caused to Plaintiffs-Debtors.

53. This Court has inherent authority to enforce its Orders and the provisions of the Bankruptcy Code pursuant to 11 U.S.C. §105.

**WHEREFORE**, in view of the foregoing, Plaintiffs-Debtors respectfully requests this Honorable Court to grant Judgment in favor of the Plaintiffs-Debtors and against Defendants, in the following manner:

   i. Order Defendants forthwith to STOP any and all collection efforts against Plaintiffs-Debtors and/or Plaintiff's Estate;

ii. Find Defendants in contempt of Court for violating 11 U.S.C. § 362 and this Honorable Court's orders;
iii. Order Defendants to turn over the monies seized plus legal interest up to the date of return to Plaintiffs-Debtors;
iv. Award Plaintiffs-Debtors an amount no less than $50,000.00 in actual and compensatory damages against Defendants;
v. Award Plaintiffs-Debtors an amount no less than $50,000.00 in punitive damages against Defendants;
vi. Find Defendants joint and severally liable to Plaintiffs-Debtors for any and all damages arising from the afore stated violations of the stay.
vii. Award Plaintiffs-Debtors expenses, costs and attorney's fees pursuant to 11 U.S.C. § 362(k) for no less than $25,000.00;
viii. Grant any other relief that this Honorable Court may deem appropriate.

RESPECTFULLY SUBMITTED, in Puerto Rico, this February, 2, 2023.

---

[i] Electronic Fund Transfer.
[ii] Electronic Fund Transfer.

                    By S/ Mireya Baltazar Suazo
                    MIREYA BALTAZAR-SUAZO, ESQ.
                    USDC NO. 213904
                    ATTORNEY FOR DEBTORS
                    ABOGADOS DE AMERICA LAW OFFICES
                    P.O. BOX 2102
                    BARCELONETA, PUERTO RICO 00617
                    TEL (787)970-1316
                    E-MAIL: mbs@abogadosdeamerica.com